2 Ill. App.3d 7 (1971)
276 N.E.2d 103
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
HENRY FISHER, Defendant-Appellant.
No. 53471.
Illinois Appellate Court  First District.
October 6, 1971.
Gerald W. Getty, Public Defender, of Chicago, (Michael Weininger, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.
*8 Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, and James Sternik, Assistant State's Attorneys, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE BURMAN delivered the opinion of the court:
The defendant, Henry Fisher, was indicted for the offense of robbery. He was found guilty as charged after a jury trial, and he was sentenced to serve a term of not less than four nor more than eight years in the Illinois State Penitentiary.
On appeal, he contends (1) that his in-court identification was inadmissible because it was the result of an illegal arrest and detention and (2) that the jury was improperly instructed.
In order to properly consider the first contention we must first set out the facts and determine whether the defendant's arrest was based upon probable cause. On January 23, 1968, at approximately 7:00 A.M., Theodore Snyders, a laundry truck driver, was beaten and robbed in an alley by three men after he had made a laundry pick up. The police arrived at the scene shortly after the crime was committed and Snyders gave a description of the assailants to Officer James Wadlington.
Troy Yates, a Chicago Police Officer, testified that he was working the midnight watch on January 23, 1968, and that at about 7:05 A.M. he received a radio report that a strong-arm robbery was in progress. He proceeded to the scene of the robbery and after obtaining a description of the robbers from Officer James Wadlington he toured the area in search of the three assailants. The description which he had received of the third offender was that of a male negro with short hair who was wearing a short green jacket and dark pants, but who did not have a hat.
Fifteen to twenty minutes after the robbery, at about 7:20 A.M., he observed a male negro walking in a southerly direction at a point four and one-half blocks from the site of the crime. This man, the defendant, was "dressed in approximately a green jacket with a brown front, boots, black pants and a short natural [haircut] with a blue jersey underneath the green [jacket]." Officer Yates then called the defendant to the squad car and noticed that he had perspiration marks around his forehead and that he seemed to be "breathing heavily" and in a "rapid manner."
The following conversation occurred:
"* * * I asked him what was he doing in the area.
He told me he had just left his friend's house because he was getting ready to go to work. I asked him where he lived and he told me he lived on 74th and Jeffrey.
I asked him why would he walk all the way over here to try and get *9 a ride to work. He said that is just the way he did things, the man couldn't pick him up."
After this exchange the defendant was placed under arrest, taken to the site of the robbery, and identified by the victim as one of the robbers.
The defendant points out that the description given to Officer Yates contained no estimate of the assailant's height and weight and included no mention of the assailant's facial characteristics, and he argues that his arrest was not based upon probable cause because at the time of the arrest Officer Yates with respect to the offender's appearance knew only that the robber was male negro with short hair who was wearing a green jacket and dark pants.
 1, 2 A police officer has probable cause to arrest a person without a warrant when the facts and circumstances within his knowledge and of which he has reasonable and trustworthy information are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested is guilty thereof. (People v. Peak, 29 Ill.2d 343, 194 N.E.2d 322.) The question of whether a police officer had probable cause to arrest a defendant must be judged from the totality of circumstances presented in a given case. People v. McCrimmon, 37 Ill.2d 40, 224 N.E.2d 822.
 3 In the present case, Officer Yates knew that a crime had been committed and that one of the offenders was a male negro with short hair who was wearing a green jacket and dark pants. Shortly after the commission of the crime, he observed the defendant, a male negro who was wearing a green jacket and black pants, walking in the vicinity of the robbery. He noticed that the defendant had perspiration marks around his forehead and that he seemed to be breathing heavily. He questioned the suspect and made the arrest only after the defendant had given an unsatisfactory and unconvincing explanation of his presence in the neighborhood. In view of all the information known by Officer Yates at the time of the arrest we must conclude that he had reasonable grounds to believe that the defendant was involved in the robbery of Theodore Snyders and that the arrest was based upon probable cause.
The defendant relies upon Gatlin v. United States, 326 F.2d 666 in support of his argument that he was arrested without probable cause. In Gatlin a suspect was arrested one hour and one-half after a robbery at a point one mile and one-half from the scene of the crime. The only evidence on which the arrest was predicated was (1) that there had been a robbery, (2) that one of the robbers was a negro wearing a trench coat and (3) that the suspect was a male Negro wearing a trench coat who was observed walking down a street a mile and one-half from the site of the robbery. The Court held that the arrest was without probable *10 cause. The information known to Officer Yates was far more extensive than that known to the arresting officer in Gatlin. Yates had a more complete description, and the inference that the defendant was leaving the scene of the crime is much stronger here than it was in Gatlin. The defendant was arrested fifteen to twenty minutes after the crime was committed at a point four and one-half blocks from the scene; whereas in Gatlin the suspect was found after much more time had elapsed (one hour and one-half after the crime was committed) at a place further from the scene of the crime (one mile and one-half) and the description was vague.
The defendant cites People v. Bean, 121 Ill. App.2d 332, 257 N.E.2d 562, in support of the proposition that the identification is inadmissible as the product of an unlawful detention. This case is inapplicable to the case at bar because here the defendant was lawfully arrested.
 4 We next consider the defendant's contention that the jury was improperly instructed. The Court gave Defense Instruction No. 5 with regard to the allocation of the burden of proof which reads: "The court instructs the jury that the burden of proving beyond all reasonable doubt every material allegation necessary to establish the defendant's guilt rests upon the State throughout the trial and the burden of proof never shifts to the defendant." The court also instructed the jury on the elements of the offense of robbery without a specific reference to "material allegations" as follows:
"The court instructs the jury in the language of the statute that a person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."
The defendant argues that it was error to use Defense Instruction No. 5 which allocates the burden of proof and refers to material allegations without an additional instruction which specifically defines the material allegations necessary to establish the defendant's guilt.
The defendant relies upon People v. Hazen, 104 Ill. App.2d 398, 244 N.E.2d 424, in support of his argument. In that case the instruction relating to the burden of proof made a distinction between a "material allegation" which the State was required to prove beyond a reasonable doubt and an "incriminating fact or circumstance" which the State need not prove beyond a reasonable doubt. The Court held that the giving of such an instruction was erroneous when it was not accompanied by an additional instruction stating what the material allegations were. In the present case, Defense Instruction No. 5 could in no way be constructed to limit the burden which is placed upon the State.
We find no error in the instruction given by the Court. The series of *11 instructions when viewed as a whole, adequately informed the jury (1) of the proper allocation of the burden of proof and (2) of the elements of the offense of robbery.
For the reasons set forth above the Judgment of the Circuit Court is affirmed.
Judgment affirmed.
ADESKO, P.J., and DIERINGER, J., concur.