THE CITY OF ROCKFORD, Plaintiff-Appellant, *v.* ROBERT FRANCIS BADELL, Defendant-Appellee.

(No. 74-247;

Second District (1st Division)—November 6, 1975.

Robert Montgomery and Stephen W. McCarty, both of Rockford, for appellant.

William H. Snively, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal by the city of Rockford from an order of the circuit court sustaining the defendant's motion for a directed verdict in an im-

plied consent hearing under the provisions of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1.)

The defendant was arrested January 1, 1974 about 1:45 a.m. following an accident in which he was involved with another vehicle in the city of Rockford. The arresting officer testified that when the defendant stepped out of his vehicle he staggered and had to be supported by the police officer. The officer further testified that he could smell the odor of alcohol on defendant's breath, that defendant had difficulty in his speech and his words were slurred. He was taken to the police station where he was read a notice of request to submit to a breath test to determine intoxication. He blew two short puffs into the breathalyzer machine and, when requested to do so again in order to complete the test, he became abusive and had to be physically restrained.

Pursuant to provisions of section 11—501.1(d) of the Code, the police officer filed with the clerk of the circuit court a sworn statement stating that the defendant refused to take and complete the test requested under section 11—501.1(a). Within a three-day period, the defendant petitioned the circuit court for an implied consent hearing. On May 10, 1974, an implied consent hearing was held. The defendant contended at that hearing that a necessary element of proof in the hearing was proof that the breathalyzer and its operator were certified under standards promulgated by the Illinois Department of Public Health. The defendant moved for and was granted a directed verdict based upon the State's failure of proof in this regard. The city of Rockford has appealed.

Two issues are presented to this court for review. The first is whether the decision of the trial court in an implied consent hearing which terminates the hearing in the defendant's favor is appealable or whether the sole method of review is under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 et seq.) The other issue presented is whether the State or municipality must prove in an implied consent hearing that the breathalyzer machine and the operator thereof were certified according to standards established by the Illinois Department of Public Health.

■■ We shall consider the second contention first. Section 11—501.1(d) of the Illinois Vehicle Code specifically prescribes the scope of the proceedings in an implied consent hearing:

"If such person desires a hearing, he shall petition the Circuit Court for and in the county in which he was arrested for such hearing. Such hearing shall proceed in the Court in the same manner as other civil proceedings, except that the scope of such proceedings shall cover only the issues of whether the person was

placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer."

It can thus be seen that the legislature has specifically prescribed the scope of the proceedings and the determination to be made in an implied consent hearing. As indicated in the statute itself, the issues are limited to only the four set forth therein. There is no provision in the statute requiring the municipality or the State to prove to the satisfaction of the court that the breathalyzer equipment or its operator were certified. This contention of the defendant is without merit.

We turn now to the other contention of the defendant. In support of this contention the defendant has cited *People v. Liddell* (1974), 19 Ill. App.3d 794, 313 N.E.2d 248, as well as *People v. Quinn* (1974), 17 Ill. App.3d 1058, 309 N.E.2d 249. We do not find that *People v. Liddell* is applicable to the situation before us and we disagree with the decision of the court in *People v. Quinn*. In *Liddell* the question presented was the power of the trial court under the implied consent statute to vacate the suspension of the defendant's driver's license by the Secretary of State where no request was made within the 28-day period for hearing on defendant's refusal to take the breathalyzer test. The court held that the action of the Secretary of State in suspending the defendant's license was reviewable only by way of administrative review. With this we agree. However, this has no bearing upon the situation presently before this court where the Secretary of State has taken no action. In *Liddell* the appellate court did not hold that the action of the trial court was interlocutory in nature nor did it hold that the action of the trial court was subject to the Administrative Review Act.

In further support of defendant's contention that the decision of the trial court under the implied consent statute which terminates the hearing in defendant's favor is not appealable except by administrative review, defendant has cited *People v. Quinn*. As noted above, this court does not agree with the decision in *Quinn*. In *Quinn* the court stated that final reviewable action under the implied consent statute shall be taken by the Secretary of State. The court then went on to cite section 6—211(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—211(a)) which provides that the Secretary of State shall *administer*

the provisions of the Illinois Driver Licensing Law. The court then cited section 6—212, which provides:

"The provisions of the 'Administrative Review Act', * * * shall apply to and govern all proceedings for the judicial review *of final administrative decisions of the Secretary of State hereunder.*" (Emphasis added.)

Lastly, the court cited section 2—118(e) of the Vehicle Code which provides that:

"The *action of the Secretary of State* in suspending [or] revoking * * * any registration, license or permit * * * shall be subject to * * * the 'Administrative Review Act' * * *." (Emphasis added.)

All of these provisions pertain to the actions of the Secretary of State, not to the judicial decision of the circuit court under an implied consent hearing. The court in *Quinn* concluded that the suspension of driving privileges, pursuant to the statutory scheme, is an administrative proceeding and impliedly, if not directly, found that the determination in an implied consent hearing by the circuit court that the State had not established one or more of the relevant issues is a part of the administrative procedure. We do not agree.

■■ Section 11—501.1(d) of the Code provides:

"Immediately upon the termination of the court proceedings the Clerk shall notify the Secretary of State of the Court's decision. The Secretary of State shall thereupon suspend the driver's license * * *."

It may well be that the statute itself is somewhat ambiguous, but it is patent that the provision for notifying the Secretary of State upon the termination of the court proceedings must be read in conjunction with the second sentence of the above quotation pertaining to the suspension of the driver's license. It would appear that no purpose would be served by the clerk of the court advising the Secretary of State of the court's decision where the court determines in the implied consent hearing that the provisions thereof have not been complied with and that the license should not be suspended, as in the case before us. The Secretary of State could take no further action where the court makes such determination and there would be no action or final administrative decision of the Secretary of State subject to administrative review. The action of the trial court may not be subject to administrative review as it is a judicial determination, separate and apart from the administrative procedure for the suspension of a driver's license by the Secretary of State for failure to take the breathalyzer test. To hold otherwise would present an incongruous situation as it does in the case before us where the action

of the trial court in dismissing the complaint and directing a judgment for the defendant in the implied consent hearing could never be subject to appellate review. The factual determination in an implied consent hearing is a judicial determination by the court as to whether or not the above quoted four conditions have occurred. The courts of this State are not fact-finding bodies for administrative agencies, nor are the decisions of the courts of this State subject to review under the Administrative Review Act. Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*

■■ In support of its finding that the judicial determination by the circuit court under the implied consent statute was interlocutory, the court in *Quinn* cited *Downey v. Industrial Commission* (1969), 44 Ill.2d 28, 253 N.E.2d 371. We do not find that that case supports the conclusion that such a determination under the implied consent statute by the circuit court is interlocutory. *Downey* is one of a series of cases (see also *Mayrath Co. v. Industrial Com.* (1965), 33 Ill.2d 224, 210 N.E.2d 529; *ACF Industries, Inc. v. Industrial Com.* (1956), 8 Ill.2d 552, 134 N.E.2d 764), in which the Supreme Court has held that an order of the circuit court remanding a cause to the Industrial Commission is interlocutory and not in itself appealable because there has been no final determination by the Commission or the court. Once the cause has been remanded and such a determination made, the matter is no longer interlocutory and is subject to review. We do not find that these cases support the finding of the court in *People v. Quinn.* In the case before us there is no remandment, there is no further action to be taken by the Secretary of State and the matter has, therefore, reached an adjudication which is subject to review by this court on appeal. See also *People v. Shorkey* (1974), 23 Ill.App.3d 662, 321 N.E.2d 46, where the court determined, *sub silentio,* that an order of the circuit court in favor of a defendant in an implied consent hearing is a final appealable order.

■■ We therefore find that an order of the circuit court in a hearing under section 11—501.1(d) of the Illinois Vehicle Code, which terminates the hearing in the defendant's favor, is a final appealable order. We further find that the trial court herein erred in determining that evidence was required other than that prescribed by statute for determination of whether or not a municipality or the State has complied with the provisions relating to the hearing under this Act. The evidence presented in this cause in the trial court indicates clearly that, pursuant to the provisions of section 11—501.1(d) of the Code, the defendant was placed under arrest for driving while intoxicated; the arresting officer had reasonable grounds to believe that the defendant was driving while under the influence of intoxicating liquor; the defendant was orally and in writing advised that if he refused to complete the intoxication test his

432

license would be suspended; and that after being so advised he refused to complete the test. The cause is therefore reversed and remanded and the trial court is directed to enter an order to that effect in accordance with the ruling herein.

Reversed and remanded with directions.

SEIDENFELD, P. J., and HALLETT, J., concur.