THE VILLAGE OF PARK FOREST, Plaintiff-Appellant, *v.* ALICE J. ANGEL, Defendant-Appellee.

First District (3rd Division)   No. 59641

Opinion filed April 1, 1976.

Richard W. Hall and Henry X. Dietch, both of Park Forest, for appellant.

Michael McNulty, of Oak Forest, for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Alice J. Angel, defendant, was arrested on May 7, 1973, for driving while under the influence of intoxicating liquor, in violation of an ordinance of the Village of Park Forest. She was taken to the police station where she refused to submit to a breath analysis. Upon a hearing without a jury as to whether defendant's driving privileges should be suspended because of the refusal, the trial court found for defendant. Plaintiff appeals from that decision and the denial of its petition for rehearing. The issues presented on appeal are:

    (1) whether a written petition is required for a hearing;

    (2) who has the burden of proof in the hearing before the trial court;

    (3) whether the statute requires that the time and place of refusal be recorded;

(4) did the trial court err in finding that the arresting officer did not have reasonable grounds to believe that defendant was driving while under the influence of intoxicating liquor.

The pertinent facts follow.

On July 29, 1973, both parties appeared in court with counsel. When the case was called the attorney for plaintiff answered ready to proceed on the implied consent "motion." Defendant objected and demanded trial on the ordinance violation as well as the implied consent hearing, without a severance. The court ruled that the first hearing was to be on the implied consent, then stated: "And for the record, this matter is the hearing on the report of refusal to submit to a breath test where a demand for hearing was timely made, and this is the first time the matter is on for hearing." Plaintiff's attorney added: "This is the case of Village of Park Forest vs. Alice Angel." Defendant's attorney then proceeded with the testimony.

Officer Theodore J. Peck was called by defendant, and upon direct examination testified. On May 7, 1973, at approximately 4:30 a.m., he observed defendant's vehicle traveling south on Western Avenue in the Village of Park Forest, weaving along the thoroughfare. He followed the car for about three-quarters of a mile, then stopped it; defendant presented her driver's license when requested and remained in the car. Officer Peck advised her that she had been "using lanes improperly." He detected the odor of alcohol on her breath and requested that she get out of the car and perform a few basic physical tests. She performed the "standard walking-combination-turning test" on the roadway along the curb of Western Avenue. He then told her she was under arrest for driving while under the influence of intoxicating liquor and took her to the Park Forest Police Station where she was advised of her rights under the Illinois implied consent law. Officer Peck identified the Notice of Request to Submit to Test of Breath to Determine Intoxication, Notice to Driver of Right for a Hearing, and Report of Refusal to Submit to Breath Test (hereinafter referred to as Notice of Request, Notice to Driver, and Report of Refusal, respectively), each of which was processed by him and received in evidence.

On cross-examination by plaintiff's attorney, Officer Peck testified that upon advising defendant of her right to refuse the breath analysis and the possible consequences of refusal provided by statute, defendant verbally refused to take the test. He made the request again about 15 minutes prior to the expiration of the statutory 90-minute period, and defendant again refused. Ninety minutes after the first request, Officer Peck printed "refused" on the Notice of Request form, both across its face and at the place for driver's signature. The date, time and place of *request*—"5-7-73 4:35 A.M. PF.P.D." were entered on the form. The form did not provide for date, time or place of *refusal*. Officer Peck then completed and filed

the Report of Refusal form, which also provided a date and time of request but not of refusal, and added an affidavit of the arresting officer which provided in part:

"I hereby certify that I have placed the above named person under arrest, and that I had at the time of arrest reasonable grounds to believe that said person was driving a motor vehicle in this state while under the influence of intoxicating liquor in that: Def. was weaving from lane to lane S/B on Western Ave."

The first portion of the affidavit was preprinted on the Report of Refusal form; the words "Def. was weaving from lane to lane S/B on Western Ave" were written by Officer Peck. Neither on direct or cross-examination did Officer Peck testify as to the results of the physical tests or his observations of defendant while performing the tests.

Defendant's testimony was brief. She admitted that she was arrested by Officer Peck for drunken driving and that she refused the breath analysis test at the police station.

Although no evidence was presented that the Clerk of the Court mailed the Notice to Driver which was received in evidence, the form complies with section 11—501.1(d) of the Motor Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d)) and specifically sets forth the issues to be determined upon the hearing. The Notice to Driver provides in relevant part:

"NOTICE
A sworn statement has been filed with the Circuit Clerk by

_____

ARRESTING OFFICER                    IDENTIFYING NO.

That you were arrested for driving a motor vehicle while under the influence of intoxicating liquor. That after having been read and given a written statement as required in Section 11—501.1, Illinois Vehicle Code, you did refuse to submit to such analyses as set forth in said section.

NOW THEREFORE

Notice is hereby given to you that a report will be made to the Secretary of State which will result in the suspension of your driving privileges for at least 3 months for the first such refusal and 6 months for any second or subsequent refusal unless a written application for a hearing is made by you to this Office within 28 days from the date of this notice; said hearing will determine the following issues:

1. Whether or not you were placed under arrest for the offense of driving while intoxicated as defined in Section 11—501 or a similar provision of a municipal ordinance.

2. Whether the arresting officer had reasonable grounds to believe that you were driving while under the influence of intoxicating liquor.

3. Whether you were informed orally and in writing as required by statute that your drivers license or privilege to operate a motor vehicle would be suspended if you refused to submit to and complete such analyses and whether, after being so advised, you did refuse to submit to and complete such analyses upon request of arresting officer.

Dated this 7 day of May 1973

Matthew J. Danaher, Circuit Clerk"

After arguments of counsel the court found that the Notice of Request and Report of Refusal were procedurally insufficient in failing to specify the date, time and place of defendant's *refusal* to take the test.

The trial court also entered a written memorandum in the record finding that (1) defendant was arrested for driving while intoxicated as defined in the statute or a similar provision of a municipal offense; (2) the arresting officer did *not* have reasonable grounds to believe that defendant was driving while under the influence of intoxicating liquor; (3) defendant was informed orally and in writing; and (4) after being so informed refused to submit and complete such analysis. The written entry concluded, "It is therefore the decision of the Court that the driver's license or driving privileges of said driver [defendant] not be suspended." Plaintiff filed a written motion for rehearing which was denied. A trial date was set on the ordinance charge. Plaintiff here appeals from the implied consent decision.

## I.

■■ It is our duty to first determine whether we have jurisdiction in the subject matter of this appeal, even though the question had not been raised by either party. (*In re Organization of the Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496; *Clark v. State Police Merit Board* (1972), 5 Ill. App. 3d 332, 282 N.E.2d 220.) In this respect the threshold question is whether the trial court's "decision" in an implied consent hearing is a final appealable order. An implied consent hearing is civil in nature and as such, any possible appeal therefrom is governed by Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, par. 301) which provides: "Every final judgment of a circuit court in a civil case is appealable as of right." A judgment is defined by Supreme Court Rule 2(b)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 2(b)(2)) as follows: " 'Judgment' also includes decree, determination, decision, order, or portion thereof."

■■ In the instant case the trial court's decision on each of the issues effectively terminated all controversy between the parties as to those issues. The only action thereafter to be taken, if any, according to the statute, is by the Secretary of State. The trial court retains no jurisdiction over the matter. The decision of the trial court which terminated the hearing in favor of defendant is a final and appealable order and is not subject to administrative review. (*City of Rockford v. Badell* (1975), 33 Ill. App. 3d 427, 337 N.E.2d 200.) We have noted a contrary result on the same issue by the Third and Fourth Districts of the Illinois Appellate Court. See *People v. Quinn* (1974), 17 Ill. App. 3d 1058, 309 N.E.2d 249; *People v. Finley* (1974), 21 Ill. App. 3d 335, 315 N.E.2d 229.

We also note that the procedure for the implied consent hearing was set in motion when the arresting officer from the Village of Park Forest filed with the clerk of the circuit court a Report of Refusal to take a breath analysis. The pleadings in the circuit court and the record on appeal are captioned "Village of Park Forest, Plaintiff." On appeal, as well as at the implied consent hearing, the Village has been represented by its attorney. The right to maintain the action in the name of the Village was not challenged in the trial court and has not been argued before this court. Generally, cases based on a State statute should be maintained by the State. (See *Village of Hoffman Estates v. Spychalski* (1975), 33 Ill. App. 3d 83, 337 N.E.2d 463; *City of O'Fallon v. Reynolds* (1971), 2 Ill. App. 3d 712, 276 N.E.2d 772; *City of Rockford v. Watson* (1969), 108 Ill. App. 2d 146, 246 N.E.2d 458; but see also *People v. Sirinsky* (1970), 47 Ill. 2d 183, 265 N.E.2d 505; *City of Rockford v. Badell*.) In view of our holding for defendant, however, we do not reach this question.

## II.

Plaintiff contends that defendant is required to file a written petition in the circuit court requesting relief from suspension of driving privileges and that failure to comply automatically subjects defendant to suspension of driving privileges for 3 months. The pertinent provisions of section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d)) provide:

"The Clerk shall thereupon notify such person in writing that his privilege to operate a motor vehicle will be suspended unless, within 28 days from the date of mailing of the notice, he shall request in writing a hearing thereon. If such person fails to request a hearing within such 28 day period, the Clerk shall so notify the Secretary of State who shall automatically suspend such person's driver's license,    *    *    *.

If such person desires a hearing, he shall petition the Circuit Court for    *    *    *    such hearing. Such hearing shall proceed in the

Court in the same manner as other civil proceedings, except that the scope of such proceedings shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in paragraph (a) that his privilege to operate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer.

Immediately upon the termination of the Court proceedings, the Clerk shall notify the Secretary of State of the Court's decision. * * *"

The record before us does not contain a written request or petition for an implied consent hearing. However, the trial court affirmatively stated at the outset of the hearing "and for the record, this matter is the hearing on the report of refusal to submit to a breath test where a demand for hearing was timely made * * * " to which plaintiff made no objection. While plaintiff does not contest the timeliness of the request for hearing, in its petition for rehearing plaintiff stated that no motion or notice was served on the Village or presented to the court which defined the issues for adjudication, and on appeal plaintiff complains of defendant's failure to present a written request or petition for hearing.

■■ ■ We find no requirement in the statute that a notice of or a request for a hearing be served upon plaintiff or that the request define the issues to be adjudicated by the court. The statute requires only that defendant request a hearing in writing, and specifically delineates the issues to be considered at such a hearing. It appears from the statutory provisions that the primary purpose of a written request for a hearing is to prevent the clerk from notifying the Secretary of State of a failure to request a hearing within 28 days, which failure would automatically result in a suspension of the license. Furthermore, the record is devoid of any objection by plaintiff at the hearing before the trial court that defendant failed to file a written petition for a hearing, and nothing in the record indicates that the trial court was requested to rule on the point. In fact, when the case was called the attorney for plaintiff answered ready to proceed on the implied consent "motion." When a party proceeds to trial as though his adversary's pleading which joined issue were on file, he thereby waives his adversary's failure to plead and such point may not be raised on appeal. (*In re Estate of Marsh* (1961), 31 Ill. App. 2d 101, 175 N.E.2d 633.) Plaintiff has not shown any prejudice by defendant's failure

N.E.2d 633.) Plaintiff has not shown any prejudice by defendant's failure to file a written request for a hearing. The written request is not jurisdictional and was waived by plaintiff's failure to make a timely objection.

### III.

Plaintiff next contends that the statutory provision that the hearing shall be conducted in the same manner as "other civil proceedings" implies that the defendant as the proponent has the burden of proof on the issues presented. The statute does not provide for automatic suspension of driving privileges solely upon the request and refusal to submit to a breath analysis. Instead, it provides a procedure whereby a licensee may secure a hearing prior to license suspension to satisfy basic due process requirements mandated in *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586. The Report of Refusal to submit to a breath analysis is the first document filed with the court, and it serves as a complaint. The Notice to Driver thereafter issued by the clerk serves as a process which, upon failure to request a hearing, results in a default as in other civil proceedings and the suspension of driving privileges. A request for hearing requires a determination by the trial court of the issues set forth in the statute and in the Notice to Driver. Suspension of driving privileges may then result if all of the issues are found in the affirmative against the driver.

■■ Generally, the burden of proof rests on a party asserting the affirmative of an issue. (*Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 899, 295 N.E.2d 28.) The usual test to determine which side has the burden of proof is to ascertain which party would be entitled to a verdict if no evidence were offered. (*Caley v. Manicke* (1961), 29 Ill. App. 2d 323, 173 N.E.2d 209, *rev'd on other grounds* (1962), 24 Ill. 2d 390, 182 N.E.2d 206.) The legislature has provided that an implied consent hearing is to proceed in the circuit court as in other civil proceedings. Since it is a proceeding in which plaintiff seeks suspension of the driving privileges of the defendant, we hold that the plaintiff has the burden of proof to resolve all of the issues prescribed by a preponderance of the evidence to warrant the requested suspension. Compare *State v. Pandoli* (1970), 109 N.J. Super. 1, 262 A. 2d 41; *State of New Mexico Department of Motor Vehicles v. Gober* (1973), 85 N.M. 457, 513 P. 2d 391.

### IV.

Plaintiff further contends that the trial court erred in holding that the Notice of Request did not comply with the statute by failing to provide for the recording of the time and place of refusal. Defendant argues that the statute must be read to require the time and place of *refusal* to be also

specified. The applicable provisions of section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(d)) are:

"(d) The arresting officer shall file with the Clerk of the Circuit Court for the county in which the arrest was made, a sworn statement naming the person***. Such sworn statement shall identify the arrested person, his driver's license, *** and shall specify the refusal of that person to take the test requested and the time, place or places where such request was made."

Defendant argues that the words "shall specify" mean "to mention, describe, or define in detail," and that the statute requires more than the writing of "refused" on such notice. The language is plain and unambiguous. The sworn statement is required to specify only that the driver refused to take the test and is not required to specify details of when and where the refusal was made. The statute itself prescribes that a refusal to submit to either of the two breath analyses required within 90 minutes after receiving the Notice of Request shall constitute a refusal for the purposes of suspending driving privileges. The statute does require that the details of the "time, place or places where such request was made" be stated by the arresting officer in his sworn statement. We note that in each of the standard forms received in evidence provision is made for the date, time and place of *request,* and that none provides for the date, time or place of *refusal.* This is in compliance with the statute, which neither directly nor indirectly requires the date, time and place of refusal to be specified.

## V.

Plaintiff's final contention is that the trial court erred in finding that the arresting officer did not have reasonable grounds to believe that defendant was driving under the influence of intoxicating liquor. Plaintiff maintains that the officer observed defendant's automobile erratically weaving; that he smelled the odor of alcohol on defendant's breath when he stopped her car; that he observed her perform physical tests on the road before placing her under arrest; and he expressed his opinion that she was then under the influence of alcohol. Defendant responds that the affidavit in the Report of Refusal limited the grounds for belief to the statement that defendant's vehicle was weaving from lane to lane southbound on Western Avenue, and stated no other grounds for such belief.

As stated in *People v. Sullivan* (1971), 132 Ill. App. 2d 674, 677, 270 N.E.2d 571, "Being 'under the influence of intoxicating liquor' means a condition that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves, operate an automobile with safety to himself and to the public. * * *

[A] witness can describe what he observed and give his opinion concerning a driver's sobriety at the time in question." The court there reversed the conviction for driving while under the influence and noted, in holding the evidence insufficient, that the officer was not asked, nor was there any evidence of what experience, if any, he had had in observing persons under the influence of alcohol, but he did state an opinion that the defendant was under the influence of intoxicating liquor.

In *People v. Fisher* (1971), 2 Ill. App. 3d 7, 9, 276 N.E.2d 103, it is stated that a police officer has probable cause to arrest a person without a warrant when the facts and circumstances within his knowledge are sufficient in themselves to warrant a man of reasonable caution in believing that an offense had been committed and that the person arrested is guilty thereof; furthermore, the question of whether a police officer had probable cause to arrest a defendant must be judged from the totality of circumstances presented in a given case.

In *People v. Peak* (1963), 29 Ill. 2d 343, 194 N.E.2d 322, the court stated that an officer is not justified in making an arrest without a warrant on the "bare suspicion" that the suspected person may be guilty of an offense, recognizing on the other hand, that probable cause or reasonable grounds mean something less than the evidence which would result in a conviction.

In the instant case plaintiff relies on *People v. Krueger* (1968), 99 Ill. App. 2d 431, 241 N.E.2d 707, in which the court stated that the officer's observance of defendant's erratic driving plus the odor of liquor was reasonable ground to arrest for driving while under the influence of intoxicating liquor. However, we distinguish *Krueger* on the facts which indicate testimony by the officer that he had observed two to three hundred persons under the influence of liquor and had made ten to fifteen arrests for drunken driving, and he testified in detail that the defendant swerved suddenly, had alcohol on his breath, had a swaying motion to his walk, his face was flushed, his eyes were watery and bloodshot, his clothing soiled and mussed, and that the results of physical tests given indicated intoxication.

■■ ■ Officer Peck testified in the instant case that he noticed defendant's vehicle weaving and stopped her because she was using lanes improperly; that he smelled liquor on her breath; that she surrendered her driver's license to him upon request; and that she performed the standard walking-combination-turning test upon the roadway before he placed her under arrest upon any charge. In the Report of Refusal, which is under oath, he based his belief solely on the statement that she was weaving from lane to lane. There is no evidence or testimony in the record that the defendant either performed the walking-turning test unsatisfactorily or demonstrated any lack of physical coordination which is characteristic of

persons under the influence of alcohol. Defendant's weaving from lane to lane was not described. Each of such lanes was for southbound traffic. She may have veered erratically across both lanes several times; on the other hand, she may have changed lanes once or twice without using her turn signal. The court observed that the defendant stayed within the southbound lanes; never crossed the center lane, wasn't speeding, stopped when she was hailed, identified herself and presented her license. Furthermore, as the trial court is not obliged to believe a defendant's testimony (see *People v. Jones* (1973), 11 Ill. App. 3d 450, 297 N.E.2d 178), the trial court is also not obliged to believe the testimony of the arresting officer. The officer did not rely on the weaving nor the odor of alcohol, but prior to arrest had defendant perform various tests. The record is devoid of any evidence of the nature or frequency of the alleged weaving, of whether the odor of alcohol was weak or strong, or of defendant's dress or appearance. The question of whether there were reasonable grounds for arrest cannot be tested in a vacuum. The conclusion that the officer had reasonable grounds, as well as the conclusion that defendant was under the influence of intoxicating liquor cannot be tested without the facts and circumstances observed or known by the officer. Upon a full review of the record we conclude that the finding by the trial court that the arresting officer did not have reasonable grounds to believe the defendant was driving while under the influence of intoxicating liquor is not against the manifest weight of the evidence.

Inasmuch as the arresting officer did not have reasonable grounds as above set forth, the decision of the trial court that the driver's license or driving privileges not be suspended is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.