George Clarence WALKER, Appellant,

v.

Gerald H. GOLDBERG, Director of Revenue of Missouri, Respondent.

No. 40909.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 28, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1979.

Richey & Price, Michael A. Price, Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., Arnold R. Day, Asst. Atty. Gen., Jefferson City, Bradshaw Smith, Pros. Atty., Cape Girardeau, for respondent.

CRIST, Judge.

The Director of Revenue revoked appellant's driver's license for one year for refusal to submit to breathalyzer test pursuant to § 564.444, RSMo. 1969. The circuit court affirmed the revocation of the license. Appellant's brief argues: (1) the evidence establishes appellant did not refuse to take the breathalyzer test; (2) if appellant did refuse to submit to the test, such refusal was not directed to his arresting officer and is, therefore, not prohibited conduct under § 564.444, *supra*; and (3) the Director of Revenue acted without authority upon an invalid affidavit. We affirm.

Appellant was arrested for suspicion of driving while intoxicated by Officer Grayum. Appellant cooperated with police while in the field and agreed to go to the police station to take a breathalyzer test. When appellant and Officer Grayum reached the station, they were joined by

Officer Wilson, the qualified breathalyzer operator. Thereafter, although appellant maintained his willingness to take the breathalyzer test, he would not arise from the chair in which he was seated, walk across the room to the breathalyzer machine, and physically perform the test. The police testified that, rather than take the test, for a period of 30–45 minutes, appellant would only equivocate and dispute entries on the Alcohol Influence Report Form. The focus of the argument concerned the recordation of the time the test was being administered. After Officer Wilson repeatedly requested appellant to take the test without result, Officer Wilson informed appellant his actions were considered a refusal. Appellant reiterated his protestations concerning the time to be recorded. Appellant, on the other hand, testified he was in the process of completing and reviewing the Alcohol Influence Report Form while Officer Wilson requested him to physically take the test, that the transaction took only 15 minutes, and that Officer Wilson merely instructed Officer Grayum to record the incident as a refusal rather than warning appellant his actions would be considered a refusal.

■ We believe the evidence does support the finding that appellant refused to submit to the breathalyzer test. A refusal may be accomplished by inaction or by a qualified or conditional consent or refusal and is not limited to verbal refusals. *Spradling v. Deimeke,* 528 S.W.2d 759, 766 [13] (Mo.1975). If evidence upon the issue whether the defendant refused to submit to the chemical test is conflicting, the appellate court shall defer to the trial court's finding there has been a refusal. *Stenzel v. State, Dept. of Revenue,* 536 S.W.2d 163, 168–69 [8] (Mo.App.1976).

■ We also believe appellant's refusal to submit to the breathalyzer test was not innocuous because directed to Officer Wilson, the testing officer, rather than Officer Grayum, the arresting officer. The fact that appellant refused to take the test upon the repeated requests of Officer Wilson rather than Officer Grayum is of no impor-

tance. The questions were posed in the presence of the arresting officer. Grayum was a participant, albeit a silent one. Section 564.444–2(3), *supra,* requires only that "the person refused to submit to the test." *Cf., Jones v. Schaffner,* 509 S.W.2d 72, 76–77 [4] (Mo.1974) (the arresting officer need not be the officer who warns that refusal to take the test can result in the revocation of one's license). The requirements of § 564.-444, *supra,* were met.

Appellant contends the Director of Revenue was without authority to revoke his license because the affidavit upon which the action was based was inaccurate and not sworn in the presence of a notary. This contention is without merit. The affidavit as submitted to the Director was in due form. It was admitted into evidence without objection.

■ Appellant contends the affidavit was inaccurate because the testimony of Officer Grayum, the arresting officer, establishes he did not, as stated in the affidavit, personally request appellant to walk to the machine and take the breathalyzer test and receive a verbal refusal from appellant. We do not find appellant's argument persuasive. Officer Grayum was, at all times pertinent, in the immediate presence of the officer qualified to administer the breathalyzer test. Such officer *did* personally request appellant to walk to the machine to take the test and *did* personally receive appellant's refusal by inaction. In such a situation, the actions, knowledge, and responses of the officer qualified to give the breathalyzer test should be imputed to the arresting officer. The affidavit was not inaccurate.

■ Appellant also challenges the arresting officer's affidavit because it was not sworn in the presence of a notary. The only evidence in the record in this regard is as follows:

"MR. PRICE: Q. You've already testified that that is your signature. A. [by Officer Grayum] Yes, sir.
Q. Do you understand that this is an affidavit which is sworn to before a notary public?

A.  Yes, sir.

Q.  And was Louise M. Cole present at the time that you signed that affidavit?

A.  No, sir."

Contrary to appellant's contention, Officer Grayum's testimony does show his affidavit was "sworn to before a notary public" as required by statute. The mere fact that the notary was not present when the officer signed the affidavit does not preclude the fact of swearing at a later time. *Stenzel v. State, Dept. of Revenue,* 536 S.W.2d 163, 169 [10–11] (Mo.App.1976). Officer Grayum's affidavit was signed and sworn to and therefore sufficient. *Stenzel v. State, Dept. of Revenue, supra.*

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.