THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
EUGENE SCHUBERTH, Defendant-Appellee.

Second District   No. 82—308

Opinion filed June 2, 1983.

Dallas C. Ingemunson, State's Attorney, of Yorkville (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from a judgment of the circuit court of Kendall County after an implied consent hearing. The trial court found that defendant, Eugene Schuberth, did not refuse to complete a breathalyzer test when requested of him after having been charged with driving under the influence of intoxicating liquor. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.) Defendant has not filed a brief in this court and, accordingly, we consider the issues under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Evidence was presented at the implied consent hearing (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1) that on January 29, 1982, at 11:59 p.m., Officer Ronald Henson, a patrolman for the village of Oswego, was on routine patrol on Route 34 near Boulder Hill Pass. At that time Officer Henson, using hand-held radar, clocked a vehicle going 49 miles per hour in a 35 miles per hour zone. The officer proceeded after the car with his emergency lights in operation for approximately a mile before the car pulled to the side of the road. During the course of the pursuit Henson noticed that the car crossed the center line, went over the right side line and almost struck a mailbox.

Officer Henson identified defendant as the driver of the vehicle and stated that he noted an odor of alcohol on his breath and that he had difficulty producing his driver's license; he did not appear well coordinated. Defendant stated he had consumed a couple of beers and Henson administered a field sobriety test with which defendant also experienced difficulty. At that time Henson issued a citation for driving under the influence of intoxicating liquor and transported defendant to a police station.

Defendant was admonished pursuant to the statute (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(2)) of his obligation to submit to a breath or chemical test and the consequences of his failure to do so. Defendant stated that he did not understand and that he wished to contact an attorney; when he was unable to reach his attorney defendant decided to take the breath test in any event. Trooper James Bolerjack of the Illinois State Police administered the test and instructed defendant to blow until requested to stop. Instead of blowing, however, the defendant sucked on the tube leading to the machine. Instructions were given a second time, but defendant failed to blow air into the machine. After a third instruction the green light went on for two or three seconds, but defendant then stopped blowing. On the fourth attempt, defendant continued to suck on the tube.

No readings could be obtained from any of the test attempts. During these attempts the defendant stated "he was trying" and "doing best he could." Defendant did not testify at the hearing and the trial court found that the State failed to prove he had refused to take the test. The sole question on appeal is whether defendant's conduct constitutes a refusal to take a breathalyzer test for purposes of the Illinois implied consent law. Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1.

■■ ■ Initially, we note that an implied consent hearing is civil in nature and an adverse final judgment in such a proceeding is appealable by the State in the same manner as other civil proceedings. (*People v. Malloy* (1979), 76 Ill. 2d 513, 519, 395 N.E.2d 381, 382-83.) In such a hearing the evidence must establish that the defendant was arrested for driving while intoxicated, that the arresting officer had reasonable grounds to believe that defendant was driving under the influence of intoxicating liquor, that defendant was advised orally and in writing that his refusal to complete an intoxication test would result in the suspension of his license and that after being so advised, the defendant refused to complete the test. (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 445 N.E.2d 878; *City of Rockford v. Badell* (1975), 33 Ill. App. 3d 427, 431-32, 337 N.E.2d 200, 204, *appeal denied* (1976), 62 Ill. 2d 592; *People v. Finley* (1974), 21 Ill. App. 3d 335, 340, 315 N.E.2d 229, 232-33.) The State has the burden of proving these issues by a preponderance of the evidence (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 753, 347 N.E.2d 278, 284, *appeal denied* (1976), 63 Ill. 2d 564), and a finding in favor of defendant will be overturned on appeal if contrary to the manifest weight of the evidence. *People v. LaFrank* (1982), 104 Ill. App. 3d 650, 653, 432 N.E.2d 1282, 1285; *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 756, 347 N.E.2d 278, 286, *appeal denied* (1976), 63 Ill. 2d 564.

■■ In Illinois it is established that an initial refusal to submit to an intoxication test cannot be cured by a subsequent consent given several minutes later. (*People v. Wierman* (1982), 107 Ill. App. 3d 7, 12, 436 N.E.2d 1081, 1085; *People v. Shorkey* (1974), 23 Ill. App. 3d 662, 664, 321 N.E.2d 46, 48.) Similarly, an initial consent to submit to a test is nullified by a subsequent refusal to complete the test as instructed. (*City of Rockford v. Badell* (1975), 33 Ill. App. 3d 427, 431-32, 337 N.E.2d 200, 204, *appeal denied* (1976), 62 Ill. 2d 592.) We have not found, nor has the State cited, any Illinois cases addressing the question of whether a continuing verbal consent to submit to an intoxication test accompanied by a physical failure to complete the test as instructed may be deemed a refusal under the implied consent

law.

Other jurisdictions, however, have considered such conduct in a similar context to be a refusal. *Miles v. Alexis* (1981), 118 Cal. App. 3d 555, 173 Cal. Rptr. 473 (must complete, not attempt all tests); *Walker v. Goldberg* (Mo. App. 1979), 588 S.W.2d 83 (consent accompanied by delay and lack of cooperation in performing test); *Zinn v. Dolan* (1978), 41 Colo. App. 370, 588 P.2d 389 (consented to blood test but refused to remove clothing for test and hid in ladies' room); *Woolman v. State Department of Motor Vehicles* (1976), 15 Wash. App. 115, 547 P.2d 293 (failure to blow enough air into machine after consent); *Turner v. State Department of Motor Vehicles* (1975), 14 Wash. App. 333, 541 P.2d 1005 (failure to blow enough air into machine after consent); *Spirer v. Commonwealth* (1980), 52 Pa. Commw. 381, 416 A.2d 587 (failure to properly follow instructions as given); *Commonwealth v. Kelly* (1975), 18 Pa. Commw. 490, 335 A.2d 882 (declaration by defendant that he was unable to complete breath test does not justify refusal); *Thacker v. State* (Ind. App. 1982), 441 N.E.2d 708 (belligerent behavior after consent is refusal); *In re Kunneman* (Okla. App. 1972), 501 P.2d 910 (sucking on mouthpiece was refusal even with verbal consent); *Wells v. State* (Tex. Crim. App. 1979), 578 S.W.2d 118 (pretending to blow into mouthpiece after consent is refusal); *Brueck v. Melton* (1977), 58 App. Div. 2d 1000, 397 N.Y.S.2d 271 (failure to blow air after consent); *Howard v. Cofer* (1979), 150 Ga. App. 579, 258 S.E.2d 195 (failed to inflate balloon after consent); *Poag v. Powell* (1979), 39 N.C. App. 363, 250 S.E.2d 93 (failed to give sufficient air sample after three attempts).

■ In light of the foregoing authority and the evidence presented, we conclude that defendant's conduct constituted a refusal to submit to a breath test for purposes of the Illinois implied consent law and that the finding of the trial court to the contrary was against the manifest weight of the evidence. It is the purpose of the implied consent law to provide objective evidence of the offense of driving under the influence of intoxicating liquors. (*People v. Malloy* (1980), 83 Ill. App. 3d 344, 347, 403 N.E.2d 1221, 1224.) If a defendant may circumvent the requirements of the statute by failing to complete the test, although feigning consent, the purpose of the law would be emasculated. In the present case, the evidence establishes that defendant, although purporting to consent to the test, did not follow the instructions of the officer and failed to complete the test as required. Absent evidence defendant was physically unable to perform the simple task required of him, his conduct must be considered as a refusal to comply with the terms of the statute.

For these reasons the judgment of the circuit court of Kendall County is reversed and the case remanded to the court for the entry of a finding that the defendant refused to submit to the breathalyzer test.

Reversed and remanded.

SEIDENFELD, P.J., and LINDBERG, J., concur.