THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID B. KELLER, Defendant-Appellant.

Fourth District   No. 4—84—0240

Opinion filed October 31, 1984.

Robert G. Frederick, of Johnson, Frank, Frederick & Walsh, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Joseph J. Ciaccio, Sr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

After an implied consent hearing under section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), the trial court found defendant David Keller had refused to take a breath test. An implied consent hearing covers only the issues of: (1) whether defendant was placed under arrest for an offense described in section 11—501; (2) whether the arresting officer had reasonable grounds to believe that defendant was driving while under the influence of alcohol; and (3) whether defendant refused to submit to the test upon the request of the officer. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).) Defendant appeals, contending the State failed to meet its burden of proof on all three issues.

The State's only witness was a Champaign police officer. On November 12, 1983, the officer observed defendant's automobile drive through two red lights and weave across the center line three times. After stopping the car, the officer asked defendant for his license. Defendant got out of his car and leaned against it for balance while attempting to locate his license. Defendant's speech was slurred and confused. His breath smelled of alcohol. The officer arrested defendant and drove him to the police station.

At the station, the officer informed defendant that if he did not consent to a breath test, then he could lose his license for six months. Defendant stated he did not understand and needed some time to think about it. The officer told defendant to think about it. He asked to go to the restroom. The officer accompanied him. In the restroom, defendant attempted to get a drink from a water fountain. The officer informed defendant that he could not drink water until he decided if he would take the test. Defendant looked at the officer and said he would take a drink anyway. As defendant bent over the fountain, the officer placed his hand on defendant's shoulder to pull him away. While he was being pulled away, defendant's glasses fell off his face into a toilet located next to the fountain. Defendant became agitated and told the officer to retrieve the glasses, but the officer refused.

Defendant became angrier and combative. The officer, along with two fellow officers, restrained defendant and placed him into a cell. The officer again asked if defendant would submit to the test. Defendant told the officer what he could do with the test, and the officer responded, stating he considered the defendant's remarks as a refusal.

The officer's report of the arrest was also introduced into evidence. The only discrepancy between the report and the officer's testimony is that the report failed to mention a second request for defendant to submit to the test. The report did state, however, that the officer advised defendant he was being marked as refusing to take the test.

After the State finished examining the witness, the court requested more information on defendant's identity. The officer refreshed his memory from a traffic ticket which he had issued to defendant. The officer described defendant and testified that defendant's name and description matched those given on his driver's license. Defendant moved for a directed verdict, alleging the identification was insufficient and the ticket was invalid. The court denied the motion.

Defendant then testified on his own behalf. Defendant stated he agreed to take the test when the officer first asked him. He said he wanted to wait, and the officer told him he could wait 15 minutes. He requested to use the restroom, and he went there alone. The officer never told him that he could not drink water. When he went to get a drink from the fountain, the door opened and he was grabbed from behind. His glasses fell into the toilet. He became upset and asked the officer to get them out, but the officer refused. Defendant repeated his request two more times. He raised his voice the third time, and another officer entered the restroom and grabbed him. He was then taken to a cell and never given a chance to take the test.

Section 11—501.1 outlines the procedures to be followed when requesting a driver to submit to a breath test. If the driver refuses, the arresting officer must file a sworn statement concerning the arrest and refusal. The driver then has the opportunity to request a hearing. The purpose of the hearing is to provide objective evidence of defendant's refusal to consent to the test after being lawfully arrested for driving while under the influence of alcohol and to preserve defendant's due process rights. (*People v. Finley* (1974), 21 Ill. App. 3d 335, 340, 315 N.E.2d 229, 232-33.) Proceedings under the implied consent statute are civil in nature. (*People v. Frye* (1983), 113 Ill. App. 3d 853, 447 N.E.2d 1065.) This court has declared that the implied consent statute is to be liberally construed to achieve its purpose of pro-

tecting citizens of this State upon the highways. *People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.

Defendant contends the State presented insufficient evidence of his arrest. In *Ellerbusch,* we noted the issuance of a traffic ticket is a convincing way in which the fact of arrest may be established. (118 Ill. App. 3d 500, 503, 454 N.E.2d 1166, 1168.) In this case, the trial court took judicial notice of the ticket issued to defendant.

■ Defendant maintains the ticket was invalid. The ticket charged him with "driving under the influence of intoxicating liquor." Section 11—501 of the Code has been changed to proscribe driving while "under the influence of alcohol." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.) Defendant concludes the invalid ticket cannot be proof of arrest. We recently rejected this argument in *People v. Horberg* (1984), 123 Ill. App. 3d 456, 462 N.E.2d 831, by holding that an allegedly invalid ticket is sufficient proof of arrest for purposes of an implied consent hearing.

Defendant further argues the State failed to meet its burden of proving his arrest because the officer did not identify defendant in court. The record discloses defendant was not in court during the officer's testimony. Moreover, both the ticket and the officer named defendant as the offender. The general rule is that "identity of name gives rise to a rebuttable presumption of identity of person." (*People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 368.) Once such a presumption is raised, the burden of production shifts, and the opposing party "must come forward with evidence that is 'sufficient to support a finding of the nonexistence of the presumed fact.' " (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 463, 448 N.E.2d 872, 877.) Defendant offered no evidence to rebut the presumption that he had been arrested.

■ Defendant asserts he suffered prejudice due to the trial court's questioning of the officer on the identification issue. The court inquired whether the name on the driver's license matched the name that the officer had identified as the offender. The trial court has the right to question witnesses within its discretion and based upon the circumstances of the case, especially in trials without a jury. (*People v. Palmer* (1963), 27 Ill. 2d 311, 189 N.E.2d 265.) Furthermore, when the court initiated its inquiry, the officer had already identified defendant's name. As defendant's name was sufficient to identify him in the absence of evidence to the contrary, defendant suffered no prejudice by the court's examination.

Defendant contends the officer's testimony as to what the driver's license revealed was hearsay and in violation of the best evidence

rule. Again, the officer had already identified defendant's name. Moreover, much latitude is given in the admission of testimony to establish the identity of a person or a person's name, for identity can usually be established only through some form of hearsay. *Scales v. Texas Liquor Control Board* (Tex. Civ. App. 1946), 192 S.W.2d 466, 468.

■ Defendant next argues the State failed to prove the officer had reasonable grounds to arrest defendant for driving while under the influence of alcohol. Defendant complains because the officer never revealed his experience in observing persons under the influence of alcohol. Nor did he testify as to his opinion of whether defendant was intoxicated. The sworn statement of the officer contains his conclusion that defendant was intoxicated. The purpose of the hearing is to provide objective evidence of the offense. (*People v. Malloy* (1980), 83 Ill. App. 3d 344, 347, 403 N.E.2d 1221, 1224.) The officer's description of defendant's driving, his lack of balance, his slurred speech, and the smell of alcohol on his breath certainly constitute reasonable grounds for the arrest.

■ Defendant alleges the officer failed to give him a clear warning of all of the ramifications resulting from a refusal to take the test. Whether defendant was informed that his driving privileges would be suspended if he refused to submit to the test was previously an issue in an implied consent hearing. (*People v. Malloy* (1980), 83 Ill. App. 3d 344, 403 N.E.2d 1221.) Now, however, the statute expressly provides this matter shall not be an issue at the hearing. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.(c).

■ Finally, defendant asserts he never refused to take the test. He maintains he agreed to take the test, but through no fault of his own, he was never given the opportunity. The officer's testimony contradicts defendant's on this point, and the trial court was not obliged to believe defendant. *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.

Defendant cites *People v. Brennan* (1984), 122 Ill. App. 3d 602, 461 N.E.2d 1067, where the court held there cannot be a refusal if there was neither a proper request nor an opportunity to take the test. In *Brennan,* both defendant and the arresting officer testified defendant agreed to a roadside request to take the test. Defendant testified she was never offered the test or asked a second time to take it. The officer gave contradictory testimony, at times stating defendant refused the test and at other times stating she never directly refused. The court found that the officer based his conclusion on his silent and subjective interpretation of defendant's words and

conduct.

Unlike *Brennan,* the officer's testimony in the present case was perfectly consistent. In the restroom, he told defendant not to drink any water before deciding whether to take the test. Defendant heard him but chose to ignore the officer's directive. When he became uncooperative, he had to be restrained and placed in a cell. In *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 450 N.E.2d 459, the court held defendant's conduct in not following instructions while taking the test can amount to a refusal even though defendant agreed to take the test. Here, the officer testified defendant never agreed to take the test. The court was justified in inferring from defendant's recalcitrant behavior that he had refused to submit to the test. Furthermore, the officer testified he made a second request, which the defendant refused. Although this request was not in the officer's report, the report did disclose the officer informed defendant that he considered defendant's words and conduct as a refusal. Defendant's failure to protest also leads to the conclusion that he had refused to take the test. The court's decision, therefore, is not contrary to the manifest weight of the evidence.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

MILLS, P.J., and GREEN, J., concur.