THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MILTON D. BATCHELDER, Defendant-Appellee.

Third District    No. 81-577

Opinion filed June 16, 1982.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for appellant.

No brief filed for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This cause involves the implied consent hearing held to determine whether Milton D. Batchelder's driver's license should be suspended for refusing to submit to a breathalyzer test following his arrest for driving while under the influence of alcohol. The trial court granted Batchelder's motion to dismiss on the grounds that the affidavit of the arresting officer was insufficient to comply with the statutory requirements. The defendant-appellee entered no appearance in the appeal and filed no brief. The appellant did not request oral argument. Accordingly, the appeal was taken for consideration and disposition on the brief of the appellant.

■■ The threshold question for consideration is whether this proceeding is appealable by the prosecution. If this proceeding were viewed as an acquittal of criminal charges, it would not be appealable by the State. If, on the other hand, the proceedings are civil in nature, then the State would have a perfect right to appeal. In truth, the proceedings have elements of both a civil and criminal nature. One could call them quasi-criminal or quasi-civil. Our supreme court has ruled, however, that these proceedings are appealable in the same manner as other civil proceedings. *People v. Malloy* (1979), 76 Ill. 2d 513; see also *Park Forest v. Angel* (1976), 37 Ill. App. 3d 746.

In this case, the trial judge found that the arresting officer's affidavit did not comply with the statute because it failed to state facts which showed that Mr. Batchelder was under the influence of intoxicating liquor. An examination of the statute, however, discloses that it merely requires a recitation of the officer's conclusion that he "* * * had reasonable cause to believe the person was driving * * * while under the influence of intoxicating liquor. * * *" (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d).) In short, the statute does not require the setting forth of underlying facts and circumstances which prop up the officer's conclusions. In fact, the affidavit in this case contained the precise statutory language quoted and more. It went on to state that the defendant was "* * * traveling too fast in alley with pedestrians around, crossed Walnut w/o slowing, maintained speed behind Slipper Club then parked abruptly behind 519 S.W. Adams. * * *"

■■■ While we agree with the trial judge that the underlying facts that were stated are insufficient to support the officer's conclusion, the recitation of such facts are surplusage to the requirements of the statute. Thus, the trial judge reasoned incorrectly in dismissing the proceedings because the affidavit did not comply with the statute. The officer's affidavit literally complied with the statute. That is to say, since the statute does not require the recital of facts that underlie the officer's conclusion, the statute is not violated when such underlying facts are not set forth. The statute was complied with.

We agree, however, that the affidavit was insufficient. The insufficiency is not due to its failure to comport with the statute, however. The insufficiency of the affidavit is due to its failure to comport with the United States Constitution, specifically, the fourth and fourteenth amendments thereof.

While it might be argued that the failure of the statute to require the affidavit to set forth underlying facts renders the statute itself unconstitutional, we reject such an interpretation because of the general principle of statutory construction that, if possible, legislation is to be so construed as not to violate the Constitution. An important corollary of this general principle is that a statute need not be treated as unconstitutional or void for not containing a qualification which the law will imply. The operation of a statute in such cases may be interpreted within constitutional limits without necessitating a judgment that the act itself is void. A statute may be constitutional although it lacks provisions which meet constitutional requirements, if it has terms not excluding such requirements. And in this situation, the court is justified in holding that the statute was intended to be subject to such requirements, and that those requirements are to be considered as embodied in the statute. (See 16 Am. Jur. 2d *Constitutional Law* sec. 225 (1979).) Thus, where the articulation of the officer's grounds

for probable cause are not expressly provided for by statute, yet constitutional guarantees provide for such; we construe the law as requiring the officer's conclusion that he had probable cause to be bolstered with a recital of the facts upon which his belief is based. Thus, both the statute and the Constitution are served.

The fourth and fourteenth amendments to the United States Constitution pertain to this situation because stopping an automobile and detaining its occupants constitute a "seizure" within the meaning of those amendments, even though the purpose of the stop is limited and the resulting detention quite brief. (*Delaware v. Prouse* (1979), 440 U.S. 648, 59 L. Ed. 2d 660, 99 S. Ct. 1391.) That the due process clause applies to a State's suspension or revocation of a driver's license is clear from the Supreme Court's decisions in *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723, and *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586. The essential purpose of the constitutional requirements is to impose a standard of reasonableness upon the exercise of discretion by government officials, including police officers, in order to safeguard the privacy and security of individuals against arbitrary invasions. *Marshall v. Barlow's, Inc.* (1978), 436 U.S. 307, 56 L. Ed. 2d 305, 98 S. Ct. 1816, quoting *Camara v. Municipal Court* (1967), 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727.

The permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's fourth amendment interests against its promotion of legitimate governmental interests. Construed in this manner, the reasonableness usually requires, at a minimum, that the facts upon which the intrusion is based be capable of measurement against "an objective standard" *Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880.

Applying the balancing test to the instant situation, we believe it reasonable that the arresting officer set out the underlying circumstances which provided him with a reasonable belief that the arrested person was driving under the influence of intoxicating liquor. Within the scope of inquiry at the driver's license suspension proceeding is the precise issue of whether the arresting officer had reasonable grounds for such belief. His belief must be measured against the objective standard of an impartial member of the judiciary and subject to the confrontation, explanation and rebuttal by the arrested driver. But such a time-honored method cannot be utilized unless the grounds for probable cause are set forth in the police officer's report or affidavit. We see the requirement that the arresting officer state the underlying facts which support his conclusion as a minimal burden on the government. The citizen is thus protected from unreasonable deprivations of his liberty and loss of driving privileges.

True enough, highway carnage due to drunken driving is a serious

problem. True enough, drunken driving should be discouraged and, where possible, prevented altogether. In so proceeding, however, police practices must conform to both statutory and constitutional requirements.

It cannot be doubted that it is a major inconvenience for a driver going about his business to be stopped by a police officer and required to take a breathalyzer test on penalty of losing his license. The interruption, without regard to the urgency of the driver's mission, could not take less than a full hour of time and, probably, considerably more time than an hour. Without statutory and constitutional direction that the officer detail the underlying facts supporting his conclusion, the police would possess an absolute license to require any driver at any time and under any circumstances to either take a breathalyzer test or lose his license. Such a procedure cannot be tolerated as it would permit and, in some cases, invite active police harassment.

■■ In the instant case the arresting officer did specify in his affidavit and report the grounds for his belief that Mr. Batchelder was driving while under the influence of intoxicating liquor in that Mr. Batchelder was "* *´ * traveling too fast in alley with pedestrians around, crossed Walnut w/o slowing, maintained speed behind Slipper Club then parked abruptly behind 519 S.W. Adams. * * *" Such a recital is insufficient to support the officer's conclusion that the driver was under the influence of intoxicating liquor. We find, for instance, no allegation of unsteady postural conduct or alcoholic odor emanating from Mr. Batchelder. While his driving conduct might suggest other vehicular violations, it is deficient, standing alone, to support a conclusion that he was driving while under the influence of intoxicating liquor.

For the reasons herein stated, we affirm the dismissal in the case.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.