THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v* WALTER J. BABYCH, Defendant-Appellee.

Second District   No. 82—414

Opinion filed February 15, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Linda Kay Staton, of Chicago, and A.F. Mannina, of Downers Grove, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from the finding by the circuit court of Du Page County of no probable cause after an implied-consent hearing requested by defendant, Walter J. Babych.

Defendant was arrested on November 22, 1981, for the offenses of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 11–501(a)) and improper lane usage (Ill. Rev. Stat. 1979, ch. 95½, par. 11–709). He was taken to the police station in the village of Itasca where he refused to take a breathalyzer test when requested by the officer under the provisions of section 11–501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11–501.1). On April 26, 1982, a bench trial was held of the traffic offenses immediately following which the trial court conducted the implied-consent hearing requested by defendant (Ill. Rev. Stat. 1979, ch. 95½, par. 11–501.1(d)). By stipulation of the parties, the evidence presented at the trial was considered in the hearing. Further evidence

was submitted by the State in the implied-consent hearing that defendant was given a traffic citation for driving while under the influence of intoxicating liquor, that he was advised of the "nine points" regarding his rights required by section 11—501.1(a) of the Code, and that defendant refused to submit to a breathalyzer test.

The trial court found defendant not guilty of driving while under the influence of intoxicating liquor and guilty of improper lane usage, imposing a fine of $25 and costs for the latter offense. After the implied-consent proceeding, the court referred to the four issues to which that hearing is limited by section 11—501.1(d) of the Code, stating it found that each of these elements had been proved. The court also found, however, that the sworn statement of the arresting officer required under section 11—501.1(d) of the Code insufficiently alleged defendant was driving while intoxicated. The court stated:

> "The only problem I have with this case is with the Affidavit. That states at the time I had, at the time of the arrest, to believe the person was driving a motor vehicle in the State while under the influence, that the subject was weaving, stumbling, with a strong odor of alcoholic beverage on his breath. It sounds like he was out of the car.
>
> I can't connect the Affidavit with the car.
> * * *
> The opinion of the Court is that the Affidavit is not sufficient in this case. Ordinarily, I would hold the Defendant—a finding of guilty on the implied consent, but you have to put him in the car in the Affidavit. The car was going from lane to lane, and when the Defendant got out, he was stumbling. The subject can't be weaving and driving the car at the same time.
>
> There will be a finding of no probable cause on the implied consent."

The State contends in this appeal that the trial court erred in concluding the officer's affidavit was insufficient and in premising its finding of no probable cause on that basis. Defendant argues first that the order of the trial court is not appealable and, alternatively, that the finding of no probable cause by the trial court was correct, even though predicated upon the wrong reason, as the arresting officer lacked reasonable grounds to request defendant to take a breathalyzer test.

We consider defendant's jurisdictional argument first and determine it is without merit. Our supreme court and this court have held that the findings entered by the circuit court in an implied-consent hearing are final and appealable. *People v. Malloy* (1979), 76 Ill. 2d

513, 395 N.E.2d 381; *City of Rockford v. Badell* (1975), 33 Ill. App. 3d 427, 337 N.E.2d 200.

The implied-consent statute provides that after an arrest for driving while under the influence of intoxicating liquor, a defendant is advised of the provisions of the implied-consent statute (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)) and requested to take a breathalyzer test. If he refuses to do so, the arresting officer files a sworn statement with the clerk of the circuit court describing the circumstances and it must include, *inter alia*, the statement that the "arresting officer had reasonable cause to believe the person was driving the motor vehicle within this State while under the influence of intoxicating liquor" (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)). Defendant is then notified by the clerk that unless he requests a hearing within 28 days, his driving privilege will be suspended; if he desires a hearing, defendant must then file a complaint in the circuit court. The statute also provides that the scope of the implied consent hearing is limited to whether defendant was arrested for driving while under the influence of intoxicating liquor; whether the officer had reasonable grounds to believe defendant was driving while under the influence; whether defendant was informed, pursuant to the statute, that his driving privilege would be suspended if he refused the test; and, whether defendant refused the test. Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d); *People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381.

In this case, after the implied-consent hearing, the trial court found that each of the requisite elements was established by the evidence, including that the officer had reasonable grounds to believe defendant was driving while under the influence of intoxicating liquor. Clearly, the court should then have entered an order finding that the requirements of the implied-consent statute had been met. Instead, and without defendant having raised the question, the judge apparently determined the affidavit failed to sufficiently allege defendant was driving while intoxicated. The arresting officer's sworn statement was as follows:

"REPORT AND AFFIDAVIT OF
ARRESTING OFFICER

I hereby certify that I have placed the above named person under arrest, and that *I had at the time of arrest reasonable grounds to believe that said person was driving a motor vehicle in this state while under the influence of intoxicating liquor* in that: subject weaving, stumbling, strong odor of alcholic [*sic*] beverage on breath.

I further certify that said person did willfully refuse to submit to the breath analyses when requested to do so in accordance with Section 11—501.1 of The Illinois Vehicle Code, after being informed of the possible consequences of his or her refusal." (Emphasis added.)

Defendant makes no effort in his brief to sustain the judgment of the trial court on the grounds the affidavit was insufficient. As defendant waived that issue by failing to raise it in the trial court before proceeding to a hearing of the merits, we ordinarily would not consider it on appeal. (See *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 371, 431 N.E.2d 450.) We will do so, however, in the present case where the trial judge raised the issue *sua sponte* and based his ruling thereon.

■ Implied-consent hearings are civil proceedings. (*People v. Lyden* (1981), 97 Ill. App. 3d 540, 542, 423 N.E.2d 262, 263; *People v. Fancher* (1978), 56 Ill. App. 3d 632, 634, 371 N.E.2d 1291, 1292.) They are initiated by defendant's complaint and proceed as other civil matters, except that the scope of a hearing may cover only the four issues to which it is limited by section 11—501.1(d). The sworn statement of the arresting officer filed with the circuit clerk, and the sufficiency of the statements therein, do not provide the basis for the hearing or evidence establishing the issues there presented. Nor does the statute require the arresting officer to set forth in his sworn statement the factual basis, or evidence, from which he concluded defendant was driving while intoxicated. (*People v. Batchelder*[1] (1982), 107 Ill. App. 3d 81, 83, 437 N.E.2d 364, 366; see also *People v. Fancher* (1978), 56 Ill. App. 3d 632, 371 N.E.2d 1291; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 431 N.E.2d 450; *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278, *appeal denied* (1976), 63 Ill. 2d 564.) The sworn statement in the present case clearly recited the conclusion of the officer that he had reasonable grounds to believe defendant was driving a motor vehicle while under the influence of intoxicating liquor; that is all the statute requires. The evidence from which that conclusion was formed may, of course, be tested in the implied-consent hearing, as was done here. The trial

---

[1]While we agree with the Third District of this court in *People v. Batchelder* that the statute does not require the setting forth of the underlying facts and circumstances upon which the officer's conclusion is based, we do not agree with the further analysis in that case finding that the requirements of the statute do not comport with the constitution. As that issue was not addressed by the parties in this appeal and is not necessary to its disposition, we will not discuss it further.

court erred in disposing of the merits of the hearing because of a perceived insufficiency in the arresting officer's sworn statement.

Defendant's further argument that the evidence adduced at the hearing failed to support a reasonable belief on the part of the officer that defendant was driving while intoxicated is also without merit. Officer Edward Votava of the Itasca police department testified he observed defendant driving a car east on Nordic Road; that the car crossed into the west lane traversing the road from shoulder to shoulder at least twice traveling at 35 miles per hour in a 25-mile-per-hour zone; and, that defendant weaved down the road, stopping in the west lane at a stop sign, and drove into the oncoming traffic lane after turning onto Rohlwing Road. The officer then stopped defendant and asked him to step out of the car and show his drivers license. Defendant stumbled and staggered while walking, his speech was slurred and the officer noted a strong odor of alcohol about him. The officer testified it was his opinion, based upon his experience, that defendant was intoxicated.

Defendant testified he had three drinks during the evening at a banquet and was not intoxicated when stopped by the officer. He attributed his speech difficulties to a chipped tooth and denied traveling from shoulder to shoulder. A passenger in defendant's car also testified she and defendant had some drinks, but neither was intoxicated. She noticed nothing unusual about defendant's driving and stated he had stopped in the proper traffic lane.

After hearing the testimony of these witnesses the trial court found, *inter alia*, that the officer had reasonable grounds to believe defendant was driving while under the influence of intoxicating liquor. We cannot conclude that determination was contrary to the manifest weight of the evidence. *People v. Powell* (1982), 107 Ill. App. 3d 418, 437 N.E.2d 1258.

Accordingly, the finding of the trial court that the requirements of section 11—501.1(d) of the Illinois Vehicle Code were not met is vacated and the cause remanded with directions that an order finding reasonable grounds be entered.

Reversed and remanded.

SEIDENFELD, P.J., and LINDBERG, J., concur.