THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MICHAEL D. GORDON, Defendant-Appellee.

Fifth District   No. 82—536

Opinion filed July 22, 1983.

K. Rick Keller, State's Attorney, of Effingham (Stephen E. Norris and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Michael D. Gordon, was arrested on April 18, 1982, for driving a motor vehicle while under the influence of alcohol. The arresting officer, Deputy Dean Biggs, filed an affidavit in the cause which stated in part that the officer had placed defendant under arrest and that he had "at the time of arrest reasonable cause to believe that said person was driving a motor vehicle in this state while under the influence of alcohol, other drugs or combination thereof." The affidavit contained the further certificate that defendant "did willfully refuse to submit to the chemical test or tests requested in accordance with Section 11—501.1 of The Illinois Vehicle Code, after be-

ing informed of the possible consequences of his or her refusal." On April 20, 1982, the circuit clerk of Effingham County sent defendant a notice which advised defendant that his driver's license would be suspended unless he made an application for a hearing under the Code within 28 days. On June 11, 1982, defendant wrote to the circuit court and advised it that he "would like a hearing on the refusal of my breath test."

On September 1, 1982, defendant filed a motion to dismiss the implied consent proceedings on the ground that the arresting officer's affidavit did "not set forth facts and circumstances which sufficiently give rise to the conclusion that the Defendant was operating a motor vehicle while under the influence of intoxicating liquor." At the hearing on this motion defendant relied upon the case of *People v. Batchelder* (1982), 107 Ill. App. 3d 81, 437 N.E.2d 364. The State urged that the *Batchelder* decision was incorrect and should not be followed. At the conclusion of the hearing, the trial court entered its decision on defendant's motion as follows:

"Whether I agree with the decision in the Batchelder case or not, I'm not sure that I do, personally. I'm not sure it's necessary that the facts be set forth in the affidavit if they are shown to be in existance [*sic*] on the hearing. *** [I]t seems to me this is fairly drastic of the Appellate Court in the 3rd district - fairly drastic action it has taken to address what it perceives as a problem with lack of notice of this. Still, *** as long as the appellate decision is in any district *** and there is no contrary authority then the trial courts are bound to follow that precedent.

Therefore, the motion to dismiss the breath refusal and implied consent proceedings, I feel bound legally to grant, and I therefore do."

■ The State appeals the trial court's judgment granting defendant's motion to dismiss the implied consent proceedings authorized by section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501.1). Therefore, the issue before us is whether the fourth and fourteenth amendments to the United States Constitution require an arresting officer to set out in his implied consent affidavit the underlying circumstances which provided him with a reasonable belief that the arrested person was driving while under the influence of intoxicating liquor. We conclude that the United States Constitution requires no such determination and that the affidavit in the case at bar is sufficient.

■ We first observe that the circuit court properly concluded that

it was bound by the precedent of *Batchelder* absent a contrary ruling by this appellate district. (See *People v. Collings* (1981), 95 Ill. App. 3d 325, 329, 420 N.E.2d 203, 206.) However, after the oral arguments were heard in the case at bar and prior to the entry of this order, *Batchelder* was expressly reversed by the United States Supreme Court (*Illinois v. Batchelder* (1983), ___ U.S. ___, 77 L. Ed. 2d 1267, 103 S. Ct. 3513); therefore, the judgment of the trial court must be reversed and this cause remanded for further proceedings.

For the foregoing reasons, the judgment of the circuit court of Effingham County is reversed and remanded.

Reversed and remanded.

HARRISON, P.J., and WELCH, J., concur.