THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* VINCAS MATULIS, Defendant-Appellee.

Second District   No. 82—794

Opinion filed September 8, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Linda S. Pieczynski and Barbara A. Preiner, Assistant State's Attorneys, of counsel), for the People.

Walter Bard Carroll, of Downers Grove, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from a judgment of the circuit court dismissing an implied consent hearing, which had been requested by defendant, Vincas Matulis, on the grounds that the statement of the arresting officer required by section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(d)) was not sworn to by the officer.

Officer Pat O'Brien testified at the hearing that at 2 a.m. on December 31, 1981, he was on patrol in the city of Lisle and observed a Ford Pinto in the parking lot of Riedy's Hardware Store. The doors of the car were locked, its headlights on and its engine was running; defendant was lying across the front seat. Attempts to arouse defendant were unsuccessful and Officer O'Brien and his partner opened the door with a device in order to ascertain defendant's condition. Upon arousing defendant the officer noted he had bloodshot eyes, an odor of alcohol on his breath and slurred speech; when defendant left the car he staggered. Officer O'Brien was of the opinion defendant was intoxicated and requested that he perform certain field sobriety tests; defendant declined to do so. He was placed under arrest for driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501) and transported to the police station. There, defendant was admonished pursuant to section 11—501.1(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1(a)(2)) of his obligation to submit to a breath or chemical test for alcohol and the consequences of his failure to do so. Defendant refused to submit to any tests.

Subsequently, Officer O'Brien filed a report and affidavit of arresting officer, which provided:

"I hereby certify that I have placed the above named person under arrest, and that I had at the time of arrest reasonable grounds to believe that said person was driving a motor vehicle in this state while under the influence of intoxicating liquor in that: He was found in veh., could not be awakened by knocking, upon awakening he had slurred speech, a strong odor of alcohol, staggering gait.

I further certify that said person did willfully refuse to submit to the breath analyses when requested to do so in accordance with Section 11—501.1 of The Illinois Vehicle Code, after being informed of the possible consequences of his or her refusal."

Although Officer O'Brien signed the report, it was not sworn to before a notary public or other officer capable of taking an oath.

The officer filed the report with the circuit clerk who thereupon notified defendant, pursuant to section 11—501.1(d), that his license would be suspended unless he requested an implied consent hearing. Defendant did then file a complaint in the circuit court for the hearing in which Officer O'Brien testified, under oath, as we have earlier described.

■ During cross-examination of the officer, however, the trial

judge interrupted the proceedings, as follows:

"THE COURT: At this time I'm going to stop this and make five findings.

Number one, that the driver was placed under arrest for the offense of DWI; that the officer did have reasonable grounds; that the driver was informed orally and in writing; after he was so informed, he did refuse to submit; and number five, that this be dismissed on the Court's motion because it is not a sworn statement. It is not notarized. [Referring to Report and Affidavit of Arresting Officer.]

I think it will be overturned on appeal on that basis, so I'm not going to waste any more time with it.

MR. BIRKETT [prosecutor]: At this time I'd ask the -- the officer is on the stand. I believe we can correct this by having the officer swear to it.

THE COURT: I think it goes to my jurisdiction. It should have been done a long time ago.

MR. BIRKETT: Sure. I would object to that. Under People versus Raefelt [sic], the Defendant waives any defect.

THE COURT: I don't think that's the case.

MR. BIRKETT: I have People versus Raefelt [sic].

THE COURT: It's on my motion. Take it up and see if you're right. I'm not going to suspend his license based on a defective complaint."

The trial court thereupon dismissed the implied consent hearing and the State has appealed. The issue which we consider is whether failure of the arresting officer to file a *sworn* statement with the circuit clerk deprives the court of jurisdiction to conduct an implied consent hearing. We find it does not do so.

Initially, we note that an implied consent hearing is civil in nature and an adverse final judgment in such a proceeding is appealable by the State in the same manner as other civil proceedings. (*People v. Malloy* (1979), 76 Ill. 2d 513, 519, 395 N.E.2d 381, 382-83; *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 304, 450 N.E.2d 459, 461.) It is also well established that neither the implied consent statute itself (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1) nor the sworn statement of the arresting officer provide the basis for the jurisdiction of the circuit court in an implied consent proceeding; rather, its jurisdiction flows from the Illinois Constitution. (*People v. Babych* (1983), 112 Ill. App. 3d 704, 708, 445 N.E.2d 921, 923; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 370, 431 N.E.2d 450, 452; *People v. Fancher* (1978), 56 Ill. App. 3d 632, 634-35, 371 N.E.2d 1291, 1293-94;

*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 752-53, 347 N.E.2d 278, 283-84, *appeal denied* (1976), 63 Ill. 2d 564.) As in other civil matters, the failure of a party to object to deficiencies in the pleadings of an implied consent proceeding prior to trial constitutes a waiver and does not deprive the court of jurisdiction. *People v. Babych* (1983), 112 Ill. App. 3d 704, 708, 445 N.E.2d 921, 923; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 371, 431 N.E.2d 450, 453; *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 752-53, 347 N.E.2d 278, 283-84, *appeal denied* (1976), 63 Ill. 2d 564.

■■ We conclude the trial court erred in dismissing *sua sponte* the implied consent hearing. Defendant had not objected to the lack of a sworn statement of the arresting officer and has waived that procedural error. (*People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 371, 431 N.E.2d 450, 453.) The deficiency was not jurisdictional and could have been cured by a timely objection by defendant. Nor may defendant argue he was deprived of due process in this proceeding. *People v. Batchelder* (1982), 107 Ill. App. 3d 81, 437 N.E.2d 364, which he cites, was reversed with the United States Supreme Court holding that the Illinois implied consent statute comports with due process of law. *Illinois v. Batchelder* (1983), 463 U.S. ___, 77 L. Ed. 2d 1267, 103 S. Ct. 3513.

■■ Accordingly, the judgment of the circuit court will be reversed and the cause remanded for a new implied-consent hearing. As the trial judge expressed his view on the merits before defendant had an opportunity to present evidence, the hearing must be before another judge.

Reversed and remanded.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.