THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ALLAN MOURILLON, Defendant-Appellee.
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
HOWARD YOUNG, Defendant-Appellee.

Second District   Nos. 82—850, 82—851 cons.

Opinion filed May 15, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Robert P. Sheridan, of Sapoznick, Sheridan & Freidin, of Chicago, Berle L. Schwartz, of Highland Park, and Francis Cuneo, of Naperville, for appellee Howard Young.

No brief filed for appellee Allan Mourillon.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After being arrested for driving while under the influence of intoxicating liquor, the defendants, Allan Mourillon and Howard Young, refused to submit to testing to determine their blood-alcohol content. The arresting officers filed affidavits with the clerk of the circuit court, which affidavits indicated that defendants had been arrested and refused to take the requested tests and that the officers had reasonable cause to believe that defendants were driving while under the influence of alcohol and/or other drugs. Each defendant requested an implied consent hearing (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1) and moved to dismiss the license suspension proceedings on the grounds that the affidavits failed to state any factual basis for the conclusion that defendants were intoxicated and that the affidavits were in violation of the fourth and fourteenth amendments of the Federal Constitution (U.S. Const., amends. IV, XIV). These

motions were granted after denial of the State's motions to amend the affidavits. The State appeals, and the cases have been consolidated by this court. Although defendant Mourillon has not filed a brief, these appeals will be reviewed on their merits. *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 303.

The State asserts that the dismissals were erroneous, as there is no constitutional or statutory requirement that the affidavit recite the facts underlying the officer's belief. The State also notes that it attempted to amend the affidavits and thus correct any deficiency. Young argues that the State has waived any claim that the officer's affidavit was constitutionally sufficient and that the trial court correctly denied the State's motion to amend as no proposed amendments were tendered. In his initial brief, Young had contended that due process principles required that the officer's affidavit state a factual basis. However, in light of *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513, Young has withdrawn this argument and, in his amended brief, claims that it is a violation of equal protection to permit the affidavit to state only conclusions.

■ As the waiver rule is not a limitation on the reviewing court (see *People v. Winston* (1982), 106 Ill. App. 3d 673, 688), and as the trial court did consider the constitutional sufficiency of the affidavits, this issue will be reviewed on its merits (see *People v. Whitley* (1977), 49 Ill. App. 3d 493, 500).

■ The applicable statute does not require that the affidavit state any facts to support the officer's conclusion that the arrestee was intoxicated. (*People v. Babych* (1983), 112 Ill. App. 3d 704, 708; see Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.) Additionally, it is now clear that, contrary to the trial court's decision, there is no due process requirement that the affidavit contain a description of the underlying circumstances for the officer's belief. (*Illinois v. Batchelder* (1983), 463 U.S. 1112, 1119, 77 L. Ed. 2d 1267, 1273, 103 S. Ct. 3513, 3516-17.) The driver's due process rights are fully protected by the statutory provision for a hearing prior to suspension at which there is a judicial determination of, *inter alia*, the basis for the officer's conclusion that the driver was intoxicated. 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513; see *People v. Babych* (1983), 112 Ill. App. 3d 704, 708-09; *People v. Rehfeldt* (1982), 103 Ill. App. 3d 368, 371.

■ The statutory scheme also does not violate equal protection guarantees. Where, as here, legislation is not based on a suspect classification and does not interfere with a fundamental right, the statute must be upheld as long as it bears a rational relationship to a

permissible State interest. (*Ashcraft v. Board of Education* (1980), 83 Ill. App. 3d 938.) While continued use and possession of a driver's license is a substantial interest (*Mackey v. Montrym* (1979), 443 U.S. 1, 11, 61 L. Ed. 2d 321, 330, 99 S. Ct. 2612, 2617), it is not a fundamental right, as it is not explicitly or implicitly guaranteed by the Constitution (see *San Antonio Independent School District v. Rodriguez* (1973), 411 U.S. 1, 17, 36 L. Ed. 2d 16, 33, 93 S. Ct. 1278, 1288).

■ The legislature had a rational basis for enacting a special and expeditious procedure, distinct from civil litigation generally; for suspending the driving privileges of persons who are arrested for drunken driving and refuse to submit to blood-alcohol content testing. Creation of such a procedure substantially serves the State's particularly strong interest in public safety and in depriving drunken drivers of permission to continue operating motor vehicles. (*Mackey v. Montrym* (1979), 443 U.S. 1, 18-19, 61 L. Ed. 2d 321, 334-35, 99 S. Ct. 2612, 2621; see *Illinois v. Batchelder* (1983), 463 U.S. 1112, 1118, 77 L. Ed. 2d 1267, 1272-73, 103 S. Ct. 3513, 3516.) A quick and efficient procedure for suspension of driving privileges serves as a deterrent to drunken driving; provides a strong inducement to take the test, which produces objective evidence for use in criminal proceedings (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 305); and promptly removes drunken drivers from the road. See *Mackey v. Montrym* (1979), 443 U.S. 1, 18, 61 L. Ed. 2d 321, 334, 99 S. Ct. 2612, 2621.

■ Having reached these conclusions, it is unnecessary for this court to consider whether the trial court erred in denying the State's motions for leave to amend.

The judgments of the circuit court of Du Page County in both Nos. 82—850 and 82—851 are reversed and the causes are remanded for further proceedings.

Reversed and remanded.

NASH and UNVERZAGT, JJ., concur.