THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD R. KAEGEBEIN, Defendant-Appellant.

Second District   No. 84—0397

Opinion filed November 1, 1985.

John F. Donahue, of Law Offices of John F. Donahue, of Oak Brook, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, Donald R. Kaegebein, was found guilty in accordance with his guilty plea of the offense of driving while under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)) and was sentenced to one year supervision and fined $400 plus costs. An implied consent hearing was thereafter held to consider, pursuant to defendant's petition for a hearing, whether he was arrested for driving a motor vehicle while under the influence of intoxicating liquor and whether he subsequently refused to take a breathalyzer test. Following an evidentiary hearing, the trial court resolved the issues in favor of the State, and defendant appeals. He contends (1) that he did not voluntarily refuse to submit to a breathalyzer test because he was given *Miranda* warnings prior to the implied consent admonishments; (2) that his plea of guilty to the underlying substantive offense abrogated the necessity of an implied consent hearing; and (3) that he cannot be deemed to have refused consent where he was not offered the option of submitting to all chemical analyses for intoxication authorized by the local police department.

Testimony at the implied consent hearing established that on May 27, 1983, a police officer for the village of Westmont observed defendant driving an automobile which was swerving between lanes and which twice struck the curb at the right-hand side of the road. The officer stopped defendant's car and found him to be unsteady on his feet, having slurred speech and smelling of alcohol. Defendant was placed under arrest and advised of his *Miranda* rights. He was then transported to the Westmont police station where he was issued a traffic citation for driving under the influence of alcohol and admonished regarding the provisions of the implied consent statute. The officer then requested defendant to take a breathalyzer test, and defendant refused. The officer did not ask defendant to submit to a blood alcohol test or to a urinalysis.

I

Initially, defendant contends that his refusal to submit to a breathalyzer test cannot be deemed voluntary because the earlier reading of *Miranda* rights potentially could have confused him regarding the scope and extent of his right to remain silent. Defendant argues that in the absence of a specific admonishment that the right to remain silent does not apply to a police officer's request for a breath sample, a defendant's refusal to provide such a sample cannot be deemed a voluntary refusal to comply with the requirements of the implied consent statute.

■■ The right to remain silent does not confer upon a suspected drunk driver the right to refuse to provide samples of his breath, blood or urine to be tested for alcohol. (See *South Dakota v. Neville* (1983), 459 U.S. 553, 74 L. Ed. 2d 748, 103 S. Ct. 916.) We therefore do not agree with defendant that a warning which informs him of the right to remain silent appears so directly at odds with the admonishments required by the implied consent statute that confusion is likely and a clarifying warning is required. Moreover, as in *Village of Cary v. Jakubek* (1984), 121 Ill. App. 3d 341, 459 N.E.2d 651, there is nothing in the record to indicate that defendant was confused regarding his obligation to take a breathalyzer test. The two sets of warnings were administered in different locales some 20 minutes apart, and there was no indication that defendant made inquiry regarding the interplay between the right to remain silent and the obligation to provide a breath sample. Defendant did not testify or offer an alternate basis upon which any claim of confusion may be founded. We find defendant's first claim of error is without merit.

II

■■ Defendant next contends that the purpose underlying the implied consent statute was satisfied by his plea of guilty to the underlying criminal charge, so that there was no longer a need to impose penalties upon him for his failure to submit to a breathalyzer test. He relies upon the opinion of the Supreme Court of Wisconsin in *State v. Brooks* (1983), 113 Wis. 2d 347, 335 N.W.2d 354, in arguing that the purpose of the implied consent statute is to secure evidence as to whether a person was intoxicated while driving a vehicle. Defendant reasons that the need for such evidence has been obviated by his plea of guilty and that proceeding with the implied consent hearing was therefore unnecessary. However, the trial court's power to dismiss as noted in *Brooks* was not a *sua sponte* obligation, but rather a discretionary grant of authority, "dependent upon the ambience [*sic*] of the particular case." (113 Wis. 2d 347, 359, 335 N.W.2d 354, 360.) In the present case, defendant did not move for dismissal of the implied consent hearing on this or any other ground and, as a result, has waived any claim that particular facts existed in this case which warranted dismissal of the implied consent proceeding. Accordingly, defendant has waived this issue. (See *People v. Matulis* (1983), 117 Ill. App. 3d 876, 880, 454 N.E.2d 62, 63-64.) In any event, the Illinois Code of Civil Procedure, which is applicable to implied consent proceedings (see *People v. Matulis* (1983), 117 Ill. App. 3d 876, 879, 454 N.E.2d 62, 63), provides no basis for the dismissal

of a civil cause of action premised upon the disposition of a criminal prosecution arising out of the same set of facts. (*Cf.* Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3) (pendency of another action between the same parties for the same cause).) Defendant's second claim of error is also without merit.

### III

■ Finally, defendant contends that he cannot be deemed to have refused compliance with the implied consent statute where the village of Westmont has authorized the administration of breath, blood and urine analyses, but where the arresting officer afforded defendant the opportunity only to take a breathalyzer test. Defendant relies upon that portion of the implied consent statute providing that "[t]he law enforcement agency employing said officer shall designate which of the aforesaid tests shall be administered by their enforcement personnel." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a).) However, it was not the intent of the legislature to provide an offending motorist with a choice of the types of tests to be administered, and even if a particular law enforcement agency empowers its officers to administer all three of the tests enumerated in the statute, "a refusal to submit to any one of these tests upon request constitutes a refusal for purposes of the statute." (*People v. Kiss* (1984), 122 Ill. App. 3d 1056, 1059, 462 N.E.2d 546, 549.) We therefore find no merit in this assignment of error.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

HOPF and LINDBERG, JJ., concur.