THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARILYN ZILIO, Defendant-Appellee.

First District (3rd Division) No. 1—87—1889

Opinion filed December 6, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Susan J. Crane, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

The State appeals from an order of the circuit court of Cook County, which rescinded the projected summary suspension of defendant's driving privileges. This order was based on the court's determination that the sworn report, filed by the arresting officer, was constitutionally deficient in that it did not contain the factual basis for the officer's probable cause determination. In this appeal, the State contests the propriety of that ruling.

The record shows that about 1:30 a.m. on March 22, 1987, defendant was arrested in Dolton, Illinois, and cited for two violations of the Illinois Vehicle Code (Code); *i.e.*, driving under the influence of alcohol

and operating a motor vehicle with an alcohol concentration of 0.20. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(2), (a)(1).) Following that, and in compliance with the implied-consent provisions of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), the arresting officer filled out a "Law Enforcement Sworn Report" advising defendant that, 46 days hence, her driving privileges would be suspended for a minimum of three months because her alcohol-concentration level tested above 0.10. This report also reflected the date and time that test was given, but did not include the place of the test nor the reasonable grounds which led him to believe that defendant had violated section 11—501 of the Code. The officer concluded his report with his signature certifying that the statements set forth in his report were true and correct. He also completed a "Warning to Motorist" form in which he certified that he gave defendant the statutorily required implied-consent warnings. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1(c).) Confirmation of the three months' suspension was subsequently sent to defendant, and she was advised that it would take effect at midnight on May 7, 1987.

Prior to that date, defendant filed a petition requesting that the projected suspension of her driving privileges be rescinded. In her petition defendant alleged that she was not properly arrested for the offense of driving under the influence, that the arresting officer did not have reasonable grounds to believe that she was driving while under the influence of alcohol, and that the officer failed to properly warn her in accordance with section 11—501.1 of the Code. Defendant also disputed the accuracy of the results of the alcohol-concentration test.

On May 5, 1987, a hearing was conducted on defendant's petition. At that time defense counsel filed a motion to dismiss the summary suspension of defendant's driving privileges because the notice served on defendant on March 27, 1987, did not state where the test was given or set forth the grounds which led the officer to believe that she had violated section 11—501 of the Code. The State moved to amend the report to indicate the place of the test, but the court would not allow it. Then, after further colloquy and argument, the court sustained defendant's motion to dismiss. In doing so, the court found the officer's report fatally defective because it did not reflect the factual basis for the officer's belief that defendant had violated section 11—501 of the Code, which the court deemed was minimally required under due process to support the summary suspension of defendant's driving privileges. In this appeal, the State challenges the propriety of that ruling.

■ Under current law a statutory summary suspension of driving

privileges automatically takes place after the completion of a series of ministerial procedures. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1; *People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) Upon notice of the suspension, the motorist may request a hearing in the court of venue setting forth the grounds on which she seeks rescission. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) This hearing is to proceed as other civil proceedings and is limited to the issues of whether the motorist was placed under arrest for driving under the influence of alcohol or drugs; whether the arresting officer had reasonable grounds to believe that the person was driving in that condition; whether the person was properly advised of the consequences of refusing or failing the test requested by the officer; and whether the person, after being properly instructed by the officer, submitted to a test which disclosed an alcohol concentration of 0.10 or more. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).) Under the ruling entered by the supreme court in *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884, it is now clear that this limited scope of review does not preclude the trial court from considering deficiencies in the officer's sworn report at the hearing; however, we do not believe that the conclusion drawn from the review in this case supports the trial court's order of rescission.

In *Illinois v. Batchelder* (1983), 463 U.S. 1112, 77 L. Ed. 2d 1267, 103 S. Ct. 3513, the United States Supreme Court considered a challenge to the Illinois implied-consent statute in effect at that time which provided a motorist with a right to a hearing before he was deprived of his license. (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.1.) Under that scheme, the *Batchelder* Court determined that arresting officers who were enforcing the State's implied-consent statute were not constitutionally required to specify the evidentiary matters which provided them with reasonable cause to believe that the person was driving under the influence. In the case at bar, the court felt that *Batchelder* was not controlling since the current statute does not provide for a presuspension hearing and that minimum due process requires that the officer set forth the basis for his probable cause determination in his sworn report.

■ It is well settled that a license to drive, once issued, is a property interest which may not be suspended or revoked without due process of law. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586.) However, the decisions of the Supreme Court in *Dixon v. Love* (1977), 431 U.S. 105, 52 L. Ed. 2d 172, 97 S. Ct. 1723, and *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612, clearly established that due process does not require a prior

evidentiary hearing in every instance where the government seeks to deprive a person of his driving privileges. (*People v. Esposito* (1988), 121 Ill. 2d 491, 521 N.E.2d 873; see also *People v. Gerke* (1988), 123 Ill. 2d 85, 525 N.E.2d 68.) These cases underscore the public policy considerations at work in the implied-consent statutes, and hold that due process is satisfied by the availability of a pre- or post-suspension hearing, and will not be defeated by technical deficiencies. In *Badoud*, for example, the supreme court commented that the statutory summary suspension provision should be liberally construed to accomplish the legislature's obvious purpose of fostering highway safety, and in keeping with that objective determined that defendant could insist upon having an unsworn report corrected, but that the statutory scheme would not permit him to escape responsibility for drunk driving by pointing to a technical deficiency in the completion of the officer's report. *Badoud*, 122 Ill. 2d at 60.

Under the prior codification of this statute, reviewing courts determined that the purpose of the officer's statement was to inform the appropriate circuit court that an arrest for an included violation had taken place so that the clerk could notify the driver of his right to an implied-consent hearing. (See, *e.g.*, *People v. Frye* (1983), 113 Ill. App. 3d 853, 447 N.E.2d 1065.) It was also determined that the statute did not require the arresting officer to set forth in his sworn statement the factual basis or evidence from which he concluded that defendant was driving under the influence of alcohol. (*People v. Babych* (1983), 112 Ill. App. 3d 704, 445 N.E.2d 921; *People v. Mourillon* (1984), 124 Ill. App. 3d 218, 463 N.E.2d 1337.) The question of whether the arresting officer had reasonable grounds for his action would be determined at the hearing. *People v. Frye* (1983), 113 Ill. App. 3d 853, 447 N.E.2d 1065; *People v. Babych* (1983), 112 Ill. App. 3d 704, 445 N.E.2d 921.

■ We observe that the present statute, insofar as it directs the officer to submit a "sworn report" without requiring that he set forth the underlying factors upon which his probable cause determination was made (Ill. Rev. Stat. 1987, ch. 95½, par. 11–501.1(d)) has remained unchanged in the subsequent amendments to the Code. From this we conclude that the legislature did not intend to negate the prior rulings of the reviewing courts cited above which determined that due process did not require that a detailed explanation of facts be set forth in the sworn report. (See *People v. Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884.) Moreover, we bear in mind that the implied-consent hearing is a civil proceeding (*People v. Gerke*, 123 Ill. 2d 85, 525 N.E.2d 68), and that the liberal amendment policy in effect in such

proceedings should be available in the implied-consent setting. *People v. Gaddi* (1986), 145 Ill. App. 3d 227, 494 N.E.2d 696.

In sum, we find no *per se* due process violation in the failure of the officer to include the factual basis for his probable cause determination on the sworn report, however desirable that might be (*People v. Gaddi*, 145 Ill. App. 3d 227, 494 N.E.2d 696), and that this omission will not support the rescission order entered by the court. In passing, we further observe that the suspension was set to take effect on a date subsequent to the hearing date, and in that respect, comported with the due process ruling of *Batchelder*.

The order of the circuit court of Cook County is therefore reversed, and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

WHITE and CERDA, JJ., concur.