THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT L. SARVER, Defendant-Appellee.

Third District    No. 3—93—0649

Opinion filed June 8, 1994.

Larry VanDerSnick, State's Attorney, of Cambridge (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

The State appeals from an order of the circuit court of Henry County which rescinded the statutory summary suspension of defendant Robert L. Sarver's driving privileges. Sarver has not filed an appellee's brief. However, as the record is simple and the claimed error is such that this court can easily reach a decision without the aid of an appellee's brief, we shall do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record reveals that on May 10, 1993, Sarver was charged with driving under the influence of alcohol. He was also served with notice of the statutory summary suspension of his driver's license for failure to take a breathalyzer test. On June 2, 1993, he filed a petition to rescind his statutory summary suspension. The petition alleged that he was not properly placed under arrest and that the arresting officer lacked reasonable grounds to believe he had been driving under the influence of alcohol.

On June 24, 1993, a hearing was held on Sarver's petition to rescind. Following the presentation of testimony and arguments, the trial court rescinded the suspension. In so doing, the court noted that the arresting officer's "sworn report does not contain grounds necessary for arrest for DUI," and that the arresting officer "testified to other grounds for arrest which are not contained in the 4 corners of the sworn report."

On appeal, the State argues that the trial court erred in rescinding the defendant's statutory summary suspension merely because the sworn report did not set forth adequate grounds for the defendant's arrest. We agree.

■ The record does not indicate precisely why the circuit court concluded that the sworn report had to set forth the grounds for the defendant's arrest. We speculate that the court premised its conclusion on either the statutory summary suspension statute or due process grounds.

The summary suspension statute directs the officer to submit a sworn report certifying that the driver was asked to take a test and that he refused to submit to the test. (625 ILCS 5/11—501.1(d) (West 1992).) There is no statutory requirement that the sworn report contain a dissertation of the facts supporting the defendant's arrest. (See *People v. Zilio* (1989), 191 Ill. App. 3d 1078, 548 N.E.2d 558.) Thus, in the case at hand, it is clear that the circuit court could not have properly relied upon the statute as the basis for concluding that the sworn report was inadequate.

We now turn our attention to the possibility that the circuit court thought that due process required the sworn report to set forth the factual basis for the defendant's arrest. In so doing, we note that a license to drive, once issued, is a property interest which may not be suspended or revoked without due process of law. (*Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586.) Moreover, the summary suspension statute allows for the suspension of a license based upon the sworn report of the officer. (625 ILCS 5/2—118.1 (West 1992).) Thus, a due process violation might be found where the sworn report is lacking in some manner *and* the defendant's license

is suspended without the opportunity for a presuspension hearing. (See *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612.) However, where a defendant has the option of participating in a presuspension hearing, there is no due process violation even where the sworn report is itself inadequate. See *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884; *People v. Zilio* (1989), 191 Ill. App. 3d 1078, 548 N.E.2d 558.

Section 2—118.1(b) of the Illinois Vehicle Code mandates that a circuit court conduct a judicial hearing within 30 days after receipt of a written request from an affected driver. (625 ILCS 5/2—118.1(b) (West 1992).) Actual suspension of driving privileges, however, does not take effect until 46 days after the affected driver is notified of the suspension. (625 ILCS 5/11—501.1(g) (West 1992).) Consequently, the hearing can be either pre- or post-suspension, and the timeliness of review depends largely upon the driver's diligence in filing a written request for a hearing. *People v. Esposito* (1988), 121 Ill. 2d 491, 521 N.E.2d 873.

■ Here, since Sarver had the opportunity to have a presuspension hearing, it is apparent that he was not denied due process. Moreover, it is clear that Sarver took advantage of this opportunity because his rescission hearing was held on June 24, 1993, while his statutory summary suspension would not have become effective until June 25, 1993. Under these circumstances, we find that there was no violation of due process. See *People v. Zilio* (1989), 191 Ill. App. 3d 1078, 548 N.E.2d 558.

For the foregoing reasons, we find that it was improper for the circuit court to rescind the defendant's statutory summary suspension merely because the officer's sworn report did not set forth the grounds for the defendant's arrest. Accordingly, the judgment of the circuit court of Henry County is reversed, and this cause is remanded for further proceedings consistent with this order.

Reversed and remanded.

SLATER, P.J., and STOUDER, J., concur.